# LATHAM & WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.391.0600
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

September 30, 2021

**FILED VIA ECF**

John Morrill, Clerk of Court
United States District Court, Southern District of California
James M. Carter and Judith N. Keep
United States Courthouse
Office of the Clerk of Court
333 West Broadway, Suite 420
San Diego, California 92101-3806

Re:   *In re Packaged Seafood Products Antitrust Litigation*, 15-md-02670
and member cases:
(1) *Target Corporation v. Bumble Bee Foods LLC et al.*, 17-cv-01348;
(2) *Sysco Corporation v. Bumble Bee Foods LLC et al.*, 18-cv-00387; and
(3) *CVS Pharmacy, Inc. v. Bumble Bee Foods LLC et al.*, 17-cv-02154

Dear Mr. Morrill:

We write in response to the August 31, 2021 notifications from the Office of the Clerk of Court stating that Judge Sammartino has a family member who owned stock in Target Corporation and Sysco Corporation at the time those companies' cases were pending against our clients StarKist Co. ("StarKist") and Dongwon Industries Co., Ltd. ("DWI"). The notices stated that Judge Sammartino was not aware of her family member's financial interests at the time the *Target* and *Sysco* cases were pending, but that the financial interests nevertheless would have required recusal under the Code of Conduct for United States Judges. Shortly after these notices were docketed, orders of recusal were issued and the multidistrict litigation captioned *In re Packaged Seafood Products Antitrust Litigation*, 15-md-02670 (the "MDL"), including its member cases (among them, the *Sysco* and *Target* cases), were reassigned from Judge Sammartino to Chief Judge Sabraw.

We respectfully request additional information in order to assess what effect, if any, Judge Sammartino's (or her family member's) financial holdings may have had on the MDL and its member cases, many of which are still pending. In particular, we have become aware of a news article published on September 28, 2021 in the *Wall Street Journal*, which stated that "Judge Janis Sammartino of California traded in stocks of . . . CVS Health Corp . . . ." The article also identified certain other companies whose stock was reportedly held by Judge Sammartino in a "managed account" and stated that Judge Sammartino had "54 conflicts."

John Morrill
September 30, 2021
Page 2

**LATHAM&WATKINS**LLP

CVS Health Corp. is the parent company of CVS Pharmacy, Inc., the plaintiff in MDL member case *CVS Pharmacy, Inc. v. Bumble Bee Foods, LLC, et al.*, 17-cv-02154. CVS Health Corp. was identified by CVS Pharmacy, Inc. as its "parent company" in a Notice of Party with Financial Interest, filed October 20, 2017. ECF No. 3. However, we have not received a notification about Judge Sammartino's ownership of CVS Health Corp. stock similar to the notifications we received in the *Target* and *Sysco* cases. The article did not indicate the time period when Judge Sammartino purportedly held stock in CVS Health Corp., which is part of the reason for our letter today and our request to this Court for further information.

We realize that it can be difficult to stay abreast of all of the parties who have been involved in this MDL; it has involved hundreds of different parties, with many different parent companies and shareholders over the years. The *Sysco* and *Target* cases—in which we did receive notices of Judge Sammartino's conflicts—are just two of dozens of related member cases in the MDL, which has been pending in the Southern District of California since 2015. The MDL was organized into four tracks: (1) "Direct Action Plaintiffs" ("DAPs"), which included retailers and distributors such as Target and Sysco who purchased packaged tuna directly from the defendants; (2) Direct Purchaser Plaintiffs ("DPPs"), a proposed class of retailers, wholesalers, and distributors who purchased packaged tuna directly from defendants; (3) End Payer Plaintiffs, consisting of consumers who indirectly purchased defendants' packaged tuna for consumption from retailers; and (4) Commercial Food Preparer Plaintiffs, consisting of individuals and companies who indirectly purchased defendants' bulk-sized tuna from Sysco or five other specifically identified distributors.

The proceedings in these four plaintiff tracks have been voluminous, complex, and interconnected. For instance, according to a motion filed in December 2020 by counsel for the DPPs, DPP counsel performed a "significant amount of important work on behalf of *all* members of the DPP Class," including retailers that have or could bring their own lawsuits—such as Sysco, Target, CVS, and others. *See* MDL ECF No. 2446-1 at 9-10 (emphasis added) (seeking an order requiring defendants to set aside 25% of all settlements with putative DPPs in an escrow account for the benefit of putative class counsel). During the six years that Judge Sammartino presided over the MDL, the Judge issued orders that simultaneously determined the scope of DAPs' and putative DPP class members' claims, including various orders on motions to dismiss. *See* MDL ECF Nos. 283, 295, 492. Judge Sammartino also issued an Order Granting Motions for Class Certification, which certified three proposed classes of plaintiffs, some of whom purchased packaged tuna from Sysco, Target, or CVS. That Order is currently under review by an *en banc* panel of the Ninth Circuit after a panel decision vacating the Order. *See* MDL ECF Nos. 1931, 2247.

Given the complexity and interrelated nature of the parties, claims, and cases in this MDL, we respectfully request further information from the Court so that we may confirm that all relevant financial interests have now been disclosed, determine whether there were other

LATHAM&WATKINS LLP

undisclosed financial interests relevant to the MDL,[1] and evaluate whether our clients' interests may have been compromised.

Specifically, we ask that the Court share with us information regarding the financial interests that Judge Sammartino and her family members held including, for example, the names of the companies whose stock was owned by them during the pendency of the MDL, the number of shares held, the dates when any shares were acquired or sold, if applicable, and the date(s) and circumstances related to Judge Sammartino's discovery of the relevant financial interests. We understand the sensitive nature of such personal and financial information and would welcome a discussion about the type of information to be shared. We would also welcome receiving this information pursuant to the Protective Order in this action or through some other means that would safeguard any confidential information.

Finally, the parties in this MDL were notified of Judge Sammartino's family member's stock ownership in Target Corporation on August 31, 2021. However, we note that a nearly identical letter was sent to the parties in another action involving Target Corporation four weeks earlier on August 3, 2021. *See The Eclipse Group LLP v. Target Corporation et al.*, 15-cv-01411, ECF No. 270. We would appreciate understanding the reason for the timing of the notification in our case and whether there are any additional notifications that the Court anticipates making in the future.

Please do not hesitate to contact us should you have any questions about our request.

Very truly yours,

*s/ Belinda S Lee*

Belinda S Lee
of LATHAM & WATKINS LLP
*Counsel for Defendants StarKist Co. and Dongwon Industries, Co., Ltd.*

---

[1] For instance, we note that a letter to the parties in *The Eclipse Group LLP v. Target Corporation*, 15-cv-01411, indicates that a member of Judge Sammartino's family owned stock in Amazon during the pendency of that case, which was initiated just weeks before this MDL began. *See* ECF No. 271. Amazon is an absent member of the putative DPP Class in this MDL and a retailer that was discussed repeatedly during our class certification hearings.